UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SHOVE,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Defendant. | Case No. 14-cv-04196-JD<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>Re: Dkt. Nos. 18, 19 |

    This is a civil rights case filed pro se by a state prisoner that was dismissed and closed. Plaintiff has filed motions for a rehearing and to present additional evidence that the court will construe as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

    A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009).  A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

    Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

    A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to rehash arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id*.

Plaintiff has filed many cases challenging his criminal conviction that resulted in a sentence of death. His direct appeal continues in state court and the California Supreme Court appointed counsel on January 8, 2013. Plaintiff wishes this Court to intervene in the state death penalty appeal process. Plaintiff has again failed to meet his burden to demonstrate that this Court should interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). He may file a federal habeas petition when his claims have been properly exhausted in state court.

## CONCLUSION

Plaintiff's motions for a rehearing and to present additional evidence (Docket Nos. 18, 19) are **DENIED**.

**IT IS SO ORDERED**.

Dated: December 2, 2014

_____
JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THEODORE SHOVE,

    Plaintiff,

v.

STATE OF CALIFORNIA,

    Defendant.

Case No.  14-cv-04196-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/2/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Theodore  Shove ID: G11092
San Quentin State Prison
San Quentin, CA 94974

Dated: 12/2/2014

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3